## Richmond.

BARRETT V. WILKINSON.

February 5th, 1891.

JUDGMENTS—*Satisfaction—Case at bar.*—Defendant testified that he had satisfied a judgment filed in creditors' suit, with a debt due him from plaintiff, who swore the contrary, and showed by receipts how he paid the debt, and that at time of alleged satisfaction judgment had been assigned as collateral to a third party, by whom it was subsequently re-assigned: *held,* confirmation of report of commissioner, showing judgment unpaid, was proper.

Appeal from decree of circuit court of Wythe county, rendered September 6th, 1889, in a creditors' suit styled *W. B. Foster and als.* v. *J. B. Barrett & Co.* Decree being adverse to the defendants, they appealed. Opinion states the case.

*J. W. Caldwell,* for the appellants.

*Walker & Walker,* for the appellees.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Wythe county, rendered at the September term, 1889. In a creditors' suit pending against the appellants the appellee filed a claim for a debt evidenced by a judgment upon which execution had been issued. The appellants insisted that the judgment had been paid, but the commissioner to whom the cause had

been referred reported the judgment as a subsisting and unpaid lien on the lands of the defendants, and upon exceptions to the said report the circuit court overruled the exceptions to the commissioner's report, and confirmed the same, and rendered a decree against the debtor for the enforcement of the said judgment, whereupon the appellant applied for and obtained an appeal to this court.

The sole question raised in the record is one of fact—whether the said judgment has been paid or not. The debtor alleges in his deposition that it had been paid in full, and by a debt due to him from Wilkinson. But Wilkinson denies this, and shows by several receipts how he paid the said debt. The explanation why the judgment was not paid in that way, paid by Wilkinson, is clear and reasonable. Being himself indebted at that time to a third party, he had assigned this judgment as collateral, and did not have the right to offer it for his debt; but, the judgment not being paid, he had taken it back upon re-assignment, and paid the debt he owed otherwise, and now sought to enforce it if he could. The commissioner considered the conflict between these two men, and, Barrett being entirely unsustained, as he says, and Wilkinson corroborated by his receipts, decided in favor of Wilkinson, and the circuit court took the same view, and, we think, rightly so. The judgment is not barred, although nearly so, and there is nothing in the claim that it was very old. Upon the whole case we are of opinion to affirm the decree appealed from.

DECREE AFFIRMED.